JUDGE CASTEL

Daniel G. McDermott (DM 3449)
Lori J. Quinn (LQ 1468)
McDERMOTT & RADZIK, LLP
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street, 21st Floor
New York, New York 10005-1801
(212) 376-6400

08 CV 5017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
NATIONAL LIABILITY & FIRE
INSURANCE as subrogee of INTRACO
CORP. and INTRACO CORP.,

                       Plaintiffs,

- against -

M/V SL COMMITMENT, her engines,
boilers, appurtenances, etc., and A.P.
MOLLER-MAERSK A/S d/b/a MAERSK-
SEALAND and/or MAERSK LINE,

                       Defendants.
------------------------------------------------------X

ECF CASE

08 CV     (     )

**COMPLAINT**

RECEIVED MAY 30 2008 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiffs, by its attorneys, McDERMOTT & RADZIK, LLP, alleges upon information and belief, as follows:

1. All and singular the following premises are true and constitute an admiralty or maritime clam within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

2. At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and principal office and place of business states in Schedule "A", hereto annexed, and by this reference made a part hereof.

3. At and during all the times hereinafter mentioned, defendant had and now has the legal status and office and place of business stated in Schedule "A", and was and now is engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessel above named as a common carrier of merchandise by water for hire.

4. This Court has personal jurisdiction over the Defendant, and venue is proper by reason of Defendant's regular and systematic contacts with the State of New York and by reason of the forum selection clause contained in the bill of lading contract of carriage issued by Defendant, which specifies that disputes under said bill of lading are subject to the jurisdiction of the United states District Court for the Southern District of New York.

5. At and during all the times hereinafter mentioned, the said vessel was and now is a general ship employed in the common carriage of merchandise by water for hire, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

6. On or about the date and at the port of shipment stated in Schedule A, there was shipped by the shipper therein named and delivered to defendant and the said vessel, as common carriers, the shipment described in Schedule A then being in good order and condition, and defendant and the said vessel then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of destination

stated in Schedule A, and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedule A.

7. Thereafter, the said vessel arrived at the port of destination, where it and defendant made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matter and things stated in Schedule A, all in violation of defendant's and the said vessel's obligations and duties as common carriers of merchandise by water for hire.

8. Plaintiff was the shipper, consignee or owner of the shipment described in Schedule A and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

9. By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $18,358.82.

**WHEREFORE**, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if defendant cannot be found within this District, then all its property within this District as shall be described in Schedule A, be attached in the amount of $18,358.82, with interest thereon and costs, the sum sued for in this Complaint.

3

3.  That judgment may be entered in favor of plaintiff against defendant for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action;

4.  That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefore; and

5.  That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
May 30, 2008

McDERMOTT & RADZIK, LLP

BY: _____
Daniel G. McDermott (DM 3449)
Lori J. Quinn (LQ 1468)
Wall Street Plaza
88 Pine Street, 21st Floor
New York, New York 10005-1801
(212) 376-6400
File: 88-08-6 DGM/LJQ

TO: A.P. MOLLER A/S
d/b/a Maersk-Sealand and/or Maersk Line
c/o Maersk-Sealand
3 Giralda Farms
Madison, NJ 07940

## SCHEDULE A

Plaintiff legal status
and place of business

Plaintiff, National Fire & Liability Insurance, is a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country with an office and principal place of business at 3024 Harney St., Omaha, Nebraska.

Plaintiff, Intraco Corp., is a corporation or other business entity duly organized and existing under and by virtue of the laws one of the states of the United States with an office and principal place of business at 530 Stephenson Highway, Troy, Michigan 48083

Defendant's legal status
and place of business

Defendant, A.P. MOLLER-MAERSK A/S d/b/a MAERSK-SEALAND and/or MAERSK LINE, is a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country with an office and principal place of business at 3 Giralda Farms, Madison, New Jersey 07940.

| | |
|---|---|
| Vessel | SL COMMITMENT, Foy. 0705 |
| Bill of Lading Number | MAEU512247676 |
| Container | POCU4003205 |
| Port of Loading | Charleston |
| Port of Discharge | Jeddah Seaport, Saudi Arabia |
| Place of Delivery | Jeddah, Saudi Arabia |
| Description of Shipment | 8 Cases Blue Float Glass |
| Shipper | Intraco Corporation |
| Consignee | Technical Glass Co., Ltd. |
| Nature of Damage/Loss | Water Damage |
| Amount | $8,358.82 |
| Our File | 88-08-6 DGM/LJQ |